UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 09-61273-CIV-O'SULLIVAN

[CONSENT]

CLINTON BLACK,
    Plaintiff,

v.

UNITED STATES POSTAL SERVICE,
    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Defendant United States Postal Service's Motion to Dismiss Plaintiff's Statement of Claim and Incorporated Memorandum of Law (DE# 9, 9/3/09).  Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the Defendant United States Postal Service's Motion to Dismiss Plaintiff's Statement of Claim and Incorporated Memorandum of Law (DE# 9, 9/3/09) is **GRANTED** on the ground that the government has not waived its sovereign immunity for the claims raised by the plaintiff and the action is **DISMISSED with prejudice**.

## BACKGROUND

The plaintiff sued the Postal Service alleging that the Postal Service mishandled three packages that he attempted to mail.  The plaintiff complains that the Postal Service is liable "due to manifest negligence" because "he paid [the Postal Service] for postage and delivery confirmation service to deliver[ ] goods to three separate recipients.  However, two packages were never delivered nor [sic] returned and one

package was delayed excessively." (DE# 1, 8/17/09).  The plaintiff seeks damages in the amount of $223.70 as compensatory damages for the value of the packages, the postage, and $100 in court costs.  The plaintiff alleges that he "made two separate complaints to the [Postal Service] to resolve this matter."  The Postal Service database does not reflect that the plaintiff filed an administrative tort claim.  See Declaration of Conny Beatty at ¶¶ 2-3 attached as Ex. A to Motion to Dismiss (DE# 9-1, 9/3/09).

In his response, which is mistakenly titled "motion" (DE# 14, 9/15/09), the plaintiff maintains that: 1) the Statement of Claim is perfectly legal; 2) the plaintiff exhausted his administrative remedies by filing two neglected complaints: 1. No.: R4480748315229 and 2. No.: CV44526140; and 3) that the Statement of Claim contains no legal defects. The plaintiff's response does not address the alleged lack of subject matter jurisdiction due to the Postal Service's sovereign immunity.

## ANALYSIS

I.    Factual Attack on Subject Matter Jurisdiction

The Postal Service seeks dismissal of the plaintiff's claim on the ground that the Court lacks subject matter jurisdiction.  The Postal Service asserts a "factual attack" on the Court's subject matter jurisdiction, which allows the Court to consider matters outside the pleadings, such as testimony and affidavits.  Scarfo v. Victor Ginsberg, DBG 94, Inc., 175 F.3d 957, 960 (11th Cir. 1999) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)).  When the attack is factual, the plaintiff's allegations do not enjoy the presumption of truthfulness and the Court is free to weigh the evidence.  Id. The plaintiff bears the burden to prove that jurisdiction exists under such circumstances.  See, OSI, Inc. v. U.S., 285 F.3d 947, 951 (11th Cir. 2002) (citations

omitted).

II.     Sovereign Immunity

The Postal Service is "an independent establishment of the executive branch of the Government of the United States," under the Postal Reorganization Act. 39 U.S.C. ¶ ¶ 101, 201. Dolan v. United States Postal Service, 546 U.S. 481, 483-84 (2006). "[T]he Postal Service enjoys federal sovereign immunity absent a waiver." Dolan, 546 U.S. at 483-84 (citing FDIC v. Meyer, 510 U.S. 471, 475 (1994)). The Federal Tort Claims Act applies to the Postal Service and waives sovereign immunity for a defined category of cases that involve negligence committed by federal employees in the course of their employment. 28 U.S.C. § 1346(b)(1). The Federal Tort Claims Act also contains exceptions to the waiver of sovereign immunity. 28 U.S.C. § 2680. The following exception applies to the plaintiff's allegations in this action:

> The provisions of this chapter and section 1346(b) of [Title 28] shall not apply to ... (b) Any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.

28 U.S.C. § 2680(b). Pursuant to the Federal Tort Claims Act, the Postal Service may be liable if a postal worker commits torts under local law, but cannot be held liable for claims related to the transmission of mail. Dolan, 546 U.S. at 485.

In the present action, the claims asserted by the plaintiff are barred by the exception regarding the transmission of mail or postal matter to the Postal Service's waiver of sovereign immunity under the Federal Tort Claims Act. See Robinson v. United States, 849 F. Supp. 799, 802 (S.D. Ga. 1994) ("... transmission would begin when a postal patron deposits postal matter with the Postal Service and would end when the postal matter was delivered by the Postal Service to a third party.")

Because the Postal Service has not waived sovereign immunity regarding the transmission of mail, the plaintiff's claim is jurisdictionally barred under 28 U.S.C. § 1346(b) and the Court lacks subject matter. The undersigned need not address the merits of the Postal Service's additional basis for dismissal on the ground that the plaintiff failed to exhaust his administrative remedies. The plaintiff's action must be DISMISSED.

DONE AND ORDERED in Chambers at Miami, Florida this **30th** day of September, 2009.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record

Copies mailed by Chambers to:
Mr. Clinton Black, *pro se*
P.O Box 9096
Fort Lauderdale, FL 33310